# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company,<br><br>    Plaintiff<br><br>    v.<br><br>Dana Farber Cancer Institute, Brigham and Women's Hospital Heart and Vascular Center and Harvard Medical School, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE No. 1:25-cv-12356<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 17 U.S.C. § 501 – Infringement of Copyright<br>2. Misappropriation of Trade Secrets under the Defend Trade Secrets Act (DTSA) and State Law<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MMAS RESEARCH LLC ("MMAS Research," or "Plaintiff") for its claims for relief against Defendants Dana Farber Cancer Institute (DANA), Brigham and Women's Hospital Heart and Vascular Center (Brigham), Harvard Medical School (Harvard), and DOES 1 through 10, inclusive ("DOES") (collectively herein "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This action arises, in part, under the 17 U.S.C. §501 – Infringement of Copyright including all sections created or amended by the Digital Millennium Copyright Act conferring federal question jurisdiction under 17 U.S.C. §101 and 28 U.S.C. §1338, and supplemental jurisdiction on any of Plaintiff's state law claims under 28 U.S.C. §1367.

2. This action arises, in part, under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836 including all sections created or amended by the DTSA, conferring federal question jurisdiction under U.S.C. §1836.

3. Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000.00 and there is a complete diversity of citizenship between the Parties.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because (a) a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; (b) the unlawful acts of Defendants complained of herein have been committed within this District and have, had, or will have had effect in this District; (c) the written agreements identified and described more thoroughly below were entered into by the Parties in this District; and (d) the written agreements identified and described more thoroughly below, by their terms, stipulated to jurisdiction and venue in this District.

5. Venue is also proper in this District pursuant to 28 U.S.C. §1391(c)(3) because one or more Defendants are amenable to personal jurisdiction in this District.

## THE PARTIES

6. Plaintiff, MMAS RESEARCH LLC (MMAS) is a Washington limited liability company in good standing.

7. Plaintiff is the owner of the "MMAS RESEARCH WIDGET CODE" (the "Morisky Widget"), registered under United States Copyright Registration No. TX 8-816-517 (Registration date December 3, 2019) (the "Morisky Widget Copyright").

8. On information and belief, Defendant Dana Farber Cancer Institute (Dana) is located at 450 Brookline Ave, Boston, MA 02215.

9. On information and belief, Defendant Brigham and Women's Hospital Heart and Vascular Center (Brigham) is located at 70 Francis Street, Boston, MA 02115.

10. On information and belief, Defendant Harvard Medical School (Harvard) is located at 25 Shattuck Street, Boston, MA 02115.

11. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (the "Doe Defendants," and collectively with the above-named defendants, the "Defendants"), are other parties not yet identified are the subject of this lawsuit. The true names, whether corporate, individual, or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues defendants by such fictitious names, and will seek leave to further amend this complaint to show their true names and capacities when their identities have been determined.

12. Plaintiff is informed, believes, and thereupon alleges that Doe Defendants were, and are, in some manner responsible for the actions, acts, and omissions alleged, and for the damage caused by Defendants and are, therefore, liable for the damage caused to Plaintiff.

13. Plaintiff is informed, believes, and thereon alleges that Defendants did, at all material times, foresee the nature and extent of the probable consequences of their acts in proximately causing said damage to Plaintiff.

14. Plaintiff is informed, believes, and thereon alleges that, at all relevant times, Defendants controlled and participated in the acts or conducted allegedly herein.

## I. THE MORISKY WIDGET:
## BACKGROUND ON OWNERSHIP AND LICENSING

15. Plaintiff is the owner of the "MMAS RESEARCH WIDGET CODE" (the "Morisky Widget"), registered under United States Copyright Registration No. TX 8-816-517 (Registration date December 3, 2019) (the "Morisky Widget Copyright").

16. The Morisky Widget are diagnostic assessments to measure and identify medication non-adherence behaviors, as further described below, and which includes the "Morisky Medication Adherence Scale (8-item)" ("MMAS-8") and "Morisky Medication Adherence Scale (4-item)" ("MMAS-4") tests, as part of its federal copyright registration.

### Ninth Circuit Confirmation of MMAS Ownership of Morisky Widget

17. A pertinent directive has issued from an appeal from the US District Court for the Central District of California, Case No. 2:21-cv-1406, in which MMAS asserted claims of copyright infringement, breach of contract, and tortious interference against, *inter alia,* Defendant Charite. On March 13, 2024, a Memorandum from the appeal (Case No. 23-55202, 03/13/2024) from the United States Court of Appeals for the Ninth Circuit wrote: "The district court erred in concluding that MMAS lacked standing to sue for copyright infringement." The District Court had found that a 2020 preliminary settlement agreement from a separate lawsuit between MMAS and Dr. Donald Morisky transferred the Morisky Widget from MMAS to Dr. Morisky. The Ninth Circuit confirmed that the agreement simply outlined terms MMAS and Dr. Morisky…'desire[d]

3

to consent and agree to' sometime in the future—was never finalized. MMAS thus never transferred its copyright and remains the registered owner of the Morisky Widget." *Id.*

## PALLAS STUDY

18. On information and belief, Hal J. Burstein, Otto Metzger Filho, Erica L. Mayer, and Ann H. Partridge, employees of Defendant DANA, were co-authors of a March 2025 article on the PALLAS Study, entitled "Impact of adding palbociclib on treatment adherence to ongoing adjuvant endocrine treatment in the global randomized PALLAS randomized trial in patients with early breast cancer." https://link.springer.com/article/10.1007/s10549-025-07653-2

19. On information and belief, co-authors Erica L. Mayer, and Ann H. Partridge conceived the PALLAS study and design.

20. On information and belief, The PALLAS study authors wrote that the content in the article is solely the responsibility of the authors. https://link.springer.com/article/10.1007/s10549-025-07653-2

21. On information and belief, Defendant DANA reported in the PALLAS STUDY article that they added an additional question to the MMAS-4 test, "All things considered, did you actually take your (Palbociclib/ Anti-hormone pill) exactly as directed by your doctor?" https://link.springer.com/article/10.1007/s10549-025-07653-2

22. On information and belief, Defendant DANA divulged and misappropriated trade secret MMAS-4 scoring and coding writing "Scores from the five items were summed modified (MMAS-5) five questions to create a total Morisky composite score, ranging from 0 to 5, with a maximal score of 5 considered "most adherent." https://link.springer.com/article/10.1007/s10549-025-07653-2

23. On information and belief, Defendant DANA modified MMAS-4 into a derivative MMAS-5, that radically changed the construct validity of the MMAS-4 scale, rendering any MMAS-5 results invalid.

24. On information and belief, Defendant DANA administered, scored and coded 10,000 MMAS-5 tests, which were an invalid diagnostic assessment of medication taking behavior

to over 5000 breast cancer patient undergoing chemotherapy.

25.     On information and belief, the PALLAS study observed 176 deaths among patients during the study period. There were 100 deaths (3.5%) in the group receiving palbociclib plus endocrine therapy and 76 deaths (2.6%) in the group receiving endocrine therapy alone.

26.     On information and belief, Defendant DANA had a professional duty to provide medical care that meets an established standard of care. This duty extends to performing accurate medication assessments necessary for the patient's care, especially when the patient is undergoing critical treatment like chemotherapy.

27.     On information and belief, Defendant DANA breached their duty of care by administering MMAS-5, an invalid diagnostic assessment. A reasonably competent healthcare professional, using accepted practices, would administer a valid assessment and correctly code the findings.

## SECURE STUDY

28.     On information and belief, Defendants Brigham and Harvard published an article entitled *Polypill Strategy in Secondary Cardiovascular Prevention* in the New England Journal of Medicine (NEJM). https://www.nejm.org/doi/full/10.1056/NEJMoa2208275

29.     On information and belief, in the NEJM article, Defendants Brigham and Harvard misappropriated TRADE SECRET MMAS-8 Coding and Scoring criteria without the consent of Plaintiff.

30.     On information and belief, Defendants Brigham and Harvard published the Secure Study Protocol in the NEJM article to give readers additional information about the use of MMAS-8 in the SECURE Study. See Exhibit 1.

31.     On information and belief, the Secure Study Protocol contained Annex 8 below which divulged trade secret MMAS-8 scoring and coding criteria. See Exhibit 1.

Annex 8: The Morisky-Medication Adherence Scale (8 item) Questionnaire

| MMAS – 8 | Points |
|---|---|
| Do you sometimes forget to take your pills? | 1 |
| People sometimes miss taking their medications for reasons other than forgetting. Thinking over the past two weeks, were there any days when you did not take your medicine? | 1 |
| Have you ever cut back or stopped taking your medication without telling your doctor, because you felt worse when you took it? | 1 |
| When you travel or leave home, do you sometimes forget to bring along your medications? | 1 |
| Did you take your high blood pressure medicine yesterday? | 1 |
| When you feel like your symptoms are under control, do you sometimes stop taking your medicine? | 1 |
| Taking medication every day is a real inconvenience for some people. Do you ever feel hassled about sticking to your treatment plan? | 1 |
| How often do you have difficulty remembering to take all you medicine?*<br>___A. Never/rarely<br>___B. Once in a while<br>___C. Sometimes<br>___D. Usually<br>___E. All the time | 1 |

| Adherence | Score |
|---|---|
| High adherence | 0 |
| Medium adherence | 1-2 |
| Low adherence | 3-8 |

*Each response carries a score: yes=0 and no=1, except for the last question: never=1, almost never, sometimes, often, always=0.

32. On information and belief, Defendants Harvard and Brigham misappropriated trade secret MMAS-8 scoring and coding algorithm in the Secure Study Protocol.

33. On information and belief, the MMAS-8 scoring and coding criteria published by Defendant Harvard and Brigham in the SECURE Study Protocol were incorrect, which would have invalidated the MMAS-8 result and moreover, risked misdiagnosing the medication adherence of seriously ill patients. Such a misdiagnosis could lead to improper medical treatment, putting patients at risk of adverse medical events or even death.

34. On information and belief, Defendant Harvard and Brigham's incorrect scoring, coding and publishing the results of 3,866 invalid MMAS-8 tests in the NEJM was willful infringement of the Morisky Widget copyright.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101, *ET SEQ.***
**(As to Defendants DANA, HARVARD, BRIGHAM)**

35. MMAS Research realleges each allegation contained in the preceding paragraphs.

36. At all times relevant hereto, MMAS Research was the owner of all copyright rights

6

or rights to assert copyright claims for the Morisky Widget.

37. MMAS Research has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §§101, *et seq*., and all other laws governing copyright.

38. By reason of the copyright infringements described herein, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' willful copyright infringement, plus attorneys' fees.

39. Plaintiff alleges Defendants **DANA, HARVARD, BRIGHAM** willfully violated 17 U.S.C. §501, *et seq*.

40. MMAS Research is informed and believes and thereon alleges that the Defendants **DANA, HARVARD, and BRIGHAM** without authorization, infringed the Morisky Widget copyright by exploiting the Morisky Widget MMAS-8 in the Pallas and Secure studies.

41. Plaintiff alleges Defendants **DANA, HARVARD, and BRIGHAM** willfully committed no less than 13,000 infringements of the MMAS-4 and MMAS-8 copyrights in the Pallas and Secure Studies.

42. By reason of the copyright infringements described above, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' willful copyright infringement, plus attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**TRADE SECRET MISAPPROPRIATION, DTSA**
**(As to Defendants DANA, HARVARD, and BRIGHAM)**

43. MMAS Research realleges each allegation contained in the preceding paragraphs.

44. Plaintiff MMAS Research possesses and vigorously asserts trade secret rights in the MMAS Research Widget Code, including its proprietary scoring and coding algorithms that are used in or intended for use in interstate commerce. These trade secrets are highly valuable intellectual property assets, representing years of research and development. They are not generally known to others in the industry and provide MMAS Research with a significant competitive advantage. MMAS Research has consistently implemented robust measures to

maintain the secrecy of this information, including but not limited to strict confidentiality agreements, limited access protocols, and secure storage systems.

45. Under the Defend Trade Secrets Act 18 U.S.C. §1839(3) a trade secret consists of three elements: (1) information; (2) that is valuable because it is unknown to others; and (3) that the owner has attempted to keep it a secret.

46. Under the Defend Trade Secrets Act, a plaintiff must prove: (1) that the plaintiff possessed a trade secret; (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff. *Inteliclear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653 (9th Cir. 2020), (see 18 U.S.C. § 1839(5)).

47. Defendants **DANA, HARVARD, and BRIGHAM** has access to and misappropriated Plaintiff's confidential, proprietary, and trade secret MMAS-4 and MMAS-8 scoring and coding criteria and wrongfully disclosed those trade secrets as set forth above.

48. This misappropriation of MMAS Research's confidential, proprietary, and trade secret information was intentional, knowing, willful, and malicious.

49. As the direct and proximate result of Defendants' misconduct, MMAS Research has suffered and, if Defendants' conduct is not stopped, will continue to suffer severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. Because MMAS Research's remedy at law is inadequate, MMAS Research seeks, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect their confidential, proprietary, and trade secret information and to protect other legitimate business interests.

50. Plaintiff MMAS Research has been damaged by the foregoing and is entitled to an award of exemplary damages and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court Enters Judgment in Plaintiff's favor and against Defendants as follows:

A. For actual damages in an amount according to proof at trial, and for any additional profits attributable to infringements of Plaintiff MMAS Research's Copyright in the Morisky

Widget, in accordance with proof at trial.

B.	For statutory damages for copyright infringement and/or willful copyright infringement by Defendants.

C.	For issuance of preliminary and permanent injunctive relief against Defendants, and each of them, and their respective officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, enjoining and restraining them from: using the Widget Tests or the Morisky Widget copyrighted work until a license is obtained, including the maintenance on websites, posted on the Internet, or in any publication, articles, and reports described herein, or any such articles, publication, and reports in the future that use or reference the Widget Tests, MMAS-8, or the Morisky Widget;

D.	Order that Defendants file with this Court and serve upon Plaintiffs within thirty (30) days after service on Defendants of an injunction in this action, a report by Defendants, under oath, setting forth that Defendants have complied with the injunction, as well as the steps they have taken to comply.

E.	For costs of suit incurred.

F.	For attorneys' fees.

G.	For prejudgment interest in the amount of ten percent (10%) per annum or the maximum amount allowed by law; and

H.	For such other and further relief, the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: August 25, 2025

Respectfully submitted,

MMAS Research LLC,
By its attorneys,

/s/ *A. Neil Hartzell*
A. Neil Hartzell, BBO #544752
Freeman Mathis & Gary LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, MA  02109
Tel: (617) 963-5966
neil.hartzell@fmglaw.com


**/s/** *Marc E. Hankin*
Marc E. Hankin
HANKIN PATENT LAW, APC
11414 Thurston Cir.
Los Angeles, CA  90049
Tel: (310) 979-3600
Marc@HPL.Law

(pro hac vice motion forthcoming)